UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONNA CORNELLA, WIFE OF, AND			CIVIL ACTION
ERIK CORNELLA

VERSUS						NO. 10-1169

STATE FARM FIRE AND CASUALTY COMPANY		SECTION "N" (4)
AND ELI TRUCKING CORP.

## ORDER AND REASONS

Before the Court is a motion by plaintiffs, Donna Cornella and Erik Cornella, to remand the above captioned matter to the 25th Judicial District Court for the Parish of Plaquemines. (Rec. Doc. 6). After considering the memoranda of the parties and the applicable law, the Court grants this motion.

**I.   BACKGROUND**

Donna Cornella and Erik Cornella ("Plaintiffs") filed suit in the 25th Judicial District Court for the Parish of Plaquemines on March 19, 2010 against State Farm Fire and Casualty Company ("State Farm") and Eli Trucking Corp. ("Eli"). In its Petition, Plaintiffs claimed their personal property was damaged and/or destroyed by a fire while being transported by Eli. (Rec. Doc. 1-2 p. 3). Plaintiffs further alleged that State Farm, as Eli's insurer, failed to properly adjust and evaluate Plaintiffs' claim

for property loss and/or damage under the policy and failed in its overall obligation under the insurance policy, thereby breaching its contract. (Rec. Doc. 1-2 p. 4).

After Plaintiffs filed their Petition in state court, State Farm was served with a copy of the Complaint and summons on March 23, 2010. Ten days later, Eli was served with the Complaint and summons on April 2, 2010. On April 22, 2010, State Farm filed a Notice of Removal alleging proper jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1332. (Rec. Doc. 1 pp. 3, 5). Included in the Notice was a statement by State Farm asserting that Eli had been contacted and consented to removal. (Rec. Doc. 1 p. 7, ¶ 20). Eli subsequently filed a Notice Confirming Joinder in Removal on April 27, 2010, *three days* after the thirty day limit for removal expired. (Rec. Doc. 7).

**II. LAW AND ANALYSIS**

The rules and procedures governing removal are determined by 28 U.S.C. § 1446. Under section 1446(b), notice of removal must be filed with thirty days of a defendant's receipt of service. 28 U.S.C. § 1446(b). In cases involving multiple defendants, all defendants must consent to removal prior to the thirty day limit. *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990). The Fifth Circuit has further established that the thirty day period begins to run as soon as the *first defendant* is served (provided the case is then removable). *Getty Oil Corp. v. Ins.*

2

*Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)(citing *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986)(emphasis added). If the first defendant does not timely remove, subsequently-served defendants cannot remove. *See id.; see also Basinger, et al. v. Federated Dept. Stores, Inc.*, 1992 WL 193491, *2 (E.D. La. 1992). By establishing this rule, the Fifth Circuit sought to promote unanimity among the defendants and adhere to the principle that removal statutes are to be strictly construed. *Getty Oil*, 841 F.2d at 1263, n. 13.

The central issue in this case is whether or not Eli timely consented to the removal by State Farm in the Notice of Removal. In *Gillis v. State of Louisiana*, the Fifth Circuit held that although section 1446 does not require each defendant to sign the original petition for removal, "there must be some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect *and to have authority to do so*, that it has actually consented to such action." 294 F.3d 755, 759 (5th Cir. 2002)(emphasis in original); *See also Getty Oil*, 841 F.2d at 1262 n. 11.

Since *Getty Oil* and *Gillis*, several recent decisions within the Fifth Circuit have held a notice to remove that suggests a co-defendant consents to removal is insufficient to satisfy the consent requirement of section 1446. In *Martinez v. Entergy*

*Corp.*, the plaintiff sued Entergy Corp. and several other companies for injuries claimed to have arisen from cancerous materials. 2004 WL 2661815, *1 (E.D. La. 2004). Monsanto, a manufacturer, filed a notice of removal and stated the other properly joined and served co-defendants consented to, and joined in, removal. *Id*. The court granted the plaintiff's motion to remand, finding the notice of removal contained no indication that the other defendants authorized Monsanto to act on their behalf in representing that they joined the removal. *Id*. Judge Lemmon also found the consent invalid as violating Rule 11 of the Federal Rules of Civil Procedure, which provides that all pleadings, motions, and other papers presented be signed personally by counsel in his or her individual name. *Id*. at *2. Because Rule 11 does not authorize parties to file pleadings or make representations on behalf of one another, the Court found the consent invalid and the removal requirements of section 1446(b) defective. *Id*.

Similarly, in *Hammonds v. Youth for Christ USA*, the court granted the plaintiff's motion to remand for defective removal under section 1446. 2005 WL 3591910, *1 (W.D. Tex. 2005). As in *Martinez*, one of the properly joined and served defendants filed a notice of removal asserting that it obtained authority from the other co-defendant to consent to removal. *Id*. Recognizing that *Getty Oil* does not require each defendant to actually sign the

4

notice of removal, the court held that "each party must independently and unambiguously file notice of their consent and intent to join in the removal within the thirty day period allowed." *Id*. at *4. Concluding, the court noted that notice of removal signed by only one removing defendant is insufficient to fulfill the requirements of section 1446(b) and that "each defendant must communicate his consent to the court by way of an official filing or voicing of consent." *Id*.(internal quotations omitted).

Finally, the "simple" assertion that one defendant contacted and obtained a co-defendant's consent to removal has been found inadequate. *Snead v. Woodbine Production Corp.*, 2008 WL 4610236 (W.D. La. 2008). In *Sneed*, the court held that a conclusory assertion that counsel for a co-defendant was contacted and gave consent to removal, without any formal representation of consent, provided the court with no basis for binding the co-defendant to the statement in the notice. *Id*. at *2. Because the co-defendant failed fo timely file any document expressly consenting to removal, the court granted the plaintiff's motion to remand. *Id*. at *3.

In the present case, Eli contends that notice of removal is not defective because it authorized State Farm to remove the case to federal court. (Rec. Doc. 9 p. 1). As evidence, Eli points to the Notice of Removal, filed by State Farm, that reads "Eli

5

Trucking Corp. has been contacted, through its counsel of record, J. Michael Monsour. Mr. Monsour has indicated that Eli Trucking Corp. consents to this removal." (Rec. Doc. 1 p. 7). However, in keeping with the precedent of *Getty Oil* and its recent interpretations, State Farm's allegation that Eli consented to the Notice of Removal does not satisfy the requirements of section 1446. As in *Hammonds*, Eli failed to "independently and unambiguously" file their notice of consent to join in the removal.

Eli, however, further argues that the Supreme Court decision in *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S.Ct. 1322 (1999) has "evolved" the jurisprudence, and thus overruled, cases such as *Getty Oil*. In *Murphy*, the defendant was faxed a "courtesy copy" of the plaintiff's petition prior to being formally served. *Id*. at 348. Defendant filed a notice of removal within the thirty days of service of process, but forty four days after notice of the petition by fax. *Id*. Reversing the Eleventh Circuit, the Supreme Court rejected the "receipt rule," under which the time to remove began upon receipt of a copy of the complaint, however informal. *Id*. at 356. Instead, the Court found "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere

receipt of the complaint unattended by any formal service." *Id*. at 347-48. However, *Murphy* did not address, much less overrule, the Fifth Circuit's precedent recognizing the "first service" rule.

Furthermore, Eli has not provided, nor has this Court been able to locate, any Fifth Circuit opinion addressing *Murphy*'s effects on cases such as *Getty Oil*. Eli, instead, urges this Court to follow the precedent of an Eleventh Circuit case adopting the "last served" rule. *See Baily v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008)(holding "The unanimity rule alone does not command that a first-served defendant's failure to seek removal necessarily waives an unserved defendant's right to seek removal; it only requires that the later-served defendant receive the consent of all then-served defendants at the time he files his notice of removal."). This Court, however, declines and is ultimately unable to abandon the well-established Fifth Circuit precedent of *Getty Oil* and adopt the decisions of surrounding circuits. *Getty Oil* clearly requires that section 1446 is to be strictly construed against removal and that all served defendants must join in the notice of removal within thirty days of service on the first defendant. *Getty Oil*, 841 F.2d at 1263. Furthermore, Eli has failed to show this Court that it consented to the notice of removal within the thirty day limit. Instead, this Court finds *Getty Oil*, *Gillis*, and their

progeny clearly illustrate that Eli failed to adequately and timely consent to State Farm's Notice of Removal. Eli's subsequent Notice Confirming Joinder in Removal fell beyond the thirty day limit for removal.

### III. CONCLUSION

While the Court recognizes that the harshness of this result (resulting from a mere three-day time delinquency in Eli's filing of its Notice Confirming Joinder in Removal), the Court cannot cut jurisdictional corners as doing so would be contrary to Fifth Circuit jurisprudence. Considering the foregoing, **IT IS ORDERED** that the **Plaintiff's Motion to Remand (Rec. Doc. 6)** is **GRANTED**. This matter is hereby remanded to the State court from which it was removed.

New Orleans, Louisiana, this 22nd day of June, 2010.

_____
KURT D. ENGELHARDT
United States District Judge